UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 10-60007-CIV-ALTONAGA/Brown

**767 BUILDING, LLC**, *et al.*,

 Plaintiffs,

vs.

**ALLSTATE INSURANCE COMPANY**,

 Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on the Amended Motion to Stay Litigation and Compel Appraisal and for this Court to Appoint a Neutral Umpire (the "Motion") [D.E. 26], filed by the Plaintiffs, 767 Building, LLC and 441 & 541 Building, LLC, on April 1, 2010. The Court has carefully considered the parties' submissions and the applicable law.

### I. BACKGROUND[1]

In October 2005 Hurricane Wilma damaged the Plaintiffs' property, which the Defendant, Allstate Insurance Company, covered under two insurance policies. According to Allstate, the Plaintiffs first reported the losses in 2006, which Allstate in turn adjusted and paid. (*See* Def.'s Resp. [D.E. 35] ¶¶ 3–4).

In January 2008 the Plaintiffs requested Allstate to reopen the claims to cover upgrades to the property that were necessary because of building codes. (*See id.* ¶ 5). Allstate in turn retained a consulting firm to evaluate the claims and the Plaintiffs' requests for code-upgrade coverages. (*See*

---

[1] As the citations herein indicate, the Court derives the factual background chiefly from Allstate's Response.

*id.* ¶ 7). The firm later issued a report and Allstate, based on the findings in the report, wrote the Plaintiffs on May 12, 2008 that their request was denied. (*See id.* ¶ 8 & Ex. A [D.E. 35-1]).

On February 20, 2009, the Plaintiffs through their adjuster demanded appraisal under the policies,[2] and also provided estimates of the replacement of each of the flat roofs and mansards to the buildings, inclusive of the nondamaged portions thereof. (*See id.* ¶ 9). On March 12 Allstate informed the Plaintiffs that it could neither accept nor reject the demand because it did not have sufficient information to evaluate the claims and because there was an issue whether the policies' endorsements covered the damages the Plaintiffs' sought. (*See id.* ¶ 10).

Allstate claims it attempted to investigate the Plaintiffs' claims to determine whether a dispute existed over the amount of the loss or over whether the policies covered the damages. (*See id.* ¶ 11). In connection with the investigation, the Plaintiffs provided Allstate with engineering reports that, according to Allstate, "clearly identif[y] that the losses . . . relate[] to whether repairs *can be made* in accordance with the Florida Building Code." (*Id.* ¶ 13). On October 14, 2009, while Allstate claims it was still undergoing the investigation, the Plaintiffs jointly filed a notice of civil-remedy violation with the department of financial services because of Allstate's failure to name its appraiser in accordance with the policies. (*See id.* ¶ 14). On December 11, "as a cure," Allstate contends, for the improvidently filed notice, Allstate named its appraiser but still had not yet

---

[2] The appraisal provision, which is identical in both policies, states:

> If you or we fail to agree on the amount of loss, either party may make written demand for an appraisal. Each party will select a competent and disinterested appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the insured premises is located to select an umpire.

Case No. 10-60007-CIV-ALTONAGA/Brown

determined whether appraisal was appropriate. (*Id.* ¶ 15). For their part, the Plaintiffs contend that, since requesting appraisal, they have complied with Allstate's requests to submit to an examination under oath and to produce documents. (*See* Mot. 3).

\* \* \*

On December 16 the Plaintiffs filed a complaint in state court against Allstate seeking to compel appraisal and damages for breach of contract (*see* Def.'s Resp. ¶ 16), which Allstate timely removed to the U.S. District Court for the Southern District of Florida. On January 20, 2010, the Plaintiffs filed a Motion to Stay Litigation and Compel Appraisal (*see* [D.E. 10]), which the Court denied without prejudice for failure to include a Local Rule 7.1(a)(3) certification (*see* [D.E. 11]). On January 25 the Plaintiffs again filed the Motion (*see* [D.E. 13]), which the Court again denied without prejudice after the parties scheduled mediation to try to resolve their dispute (*see* [D.E. 20]). Because Allstate's representative could not attend the mediation thanks to a conflict, the parties ultimately scheduled mediation for June 23. (*See* [D.E. 31]). Meanwhile, the Plaintiffs refiled the Motion, which is currently before the Court.

## II. ANALYSIS

Both parties rely on *Johnson v. Nationwide Mutual Insurance Co.*, 828 So. 2d 1021 (Fla. 2002). In *Johnson* the Florida Supreme Court resolved a conflict among the district courts of appeal by holding "that causation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is a covered loss, the amount of which is disputed." *Id.* at 1022. This holding has been restated as follows: "If an insurer admits that there is a covered loss, the amount of which is

3

Case No. 10-60007-CIV-ALTONAGA/Brown

disputed, the amount of loss question is for an appraisal panel. If an insurer denies that there is a covered loss, the issue of coverage is one for the trial court." *Sunshine State Ins. Co. v. Rawlins*, — So. 3d —, 2010 WL 1576791, at *1 (Fla. 3d DCA Apr. 21, 2010) (citation omitted).

The Plaintiffs contend that because Allstate has admitted that "there were covered losses at all of the loss locations in this matter," Allstate must attend appraisal under *Johnson*. (Mot. 4; *accord* Reply [D.E. 38] 4). Allstate contends, however, that it "has yet to determine whether coverage exists under the Policies for the damages being claimed by Plaintiffs." (Def.'s Resp. 5). More specifically, Allstate contends "it is arguable that the Plaintiffs' losses relate entirely to the necessity of certain repairs due to the application of the Florida Building Code" (*id.* 6), and therefore "would not be covered unless they fit within the terms and conditions of the Building Laws Endorsement" (*id.*). Further, although Allstate concedes it had previously extended coverage to the Plaintiffs for the losses related to Hurricane Wilma, Allstate has since "wholly denied" the Plaintiffs' later request to reopen their original claims and recover for damages based on the code-upgrade provisions of the policies. (*See id.* 9).[3]

In sum, while it is true that Allstate admitted there were covered losses in 2006, it has since not admitted — indeed it has denied — that the policies cover the Plaintiffs' new claims. (*See* Def.'s Resp. 8–9). The Plaintiffs have not adequately addressed this point, stating only that "[i]f Defendant's concern is about code coverage, then the appraisal award should be delineated to

---

[3] In addition Allstate contends that the Plaintiffs have waived their right to seek appraisal by seeking to compel appraisal while suing for breach of contract, and also by actively participating in this lawsuit. (*See id.* 5). Because Allstate has persuaded the Court about the merit of its first point (and because the Plaintiffs have failed to persuade the Court about the merit of their Motion), the Court does not reach the question of whether the Plaintiffs have waived their right to seek appraisal.

Case No. 10-60007-CIV-ALTONAGA/Brown

address same." (Pl.'s Reply 4). From this statement (which is not supported by any authority) the Court gleans only that the Plaintiffs believe that Allstate has admitted the policies *partially* cover their claims. *Cf. Johnson* 828 So. 2d at 1022 ("[C]ausation is a coverage question for the court when an insurer *wholly* denies that there is a covered loss . . . ." (emphasis added)). But Allstate could not be clearer — "Allstate has asserted that the losses as now claimed by Plaintiffs are not covered under the Policies." (Def.'s Resp. 8). And therefore the Court cannot grant the Plaintiffs' Motion. *See Rawlins*, — So. 3d at —, 2010 WL 1576791, at *1 ("If an insurer denies that there is a covered loss, the issue of coverage is one for the trial court.").

### III. CONCLUSION

For the reasons herein, it is

**ORDERED AND ADJUDGED** that the Motion **[D.E. 26]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of May, 2010.

*/s/ Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record